**In re WHISPERING PINES ESTATE, INC., Debtor.**

**In re AMI–Burlington, Inc., Debtor.**

**Nos. 05–56003–MWV, 05–56004–MWV.**

United States Bankruptcy Court, D. New Hampshire.

April 10, 2006.

Jennifer Rood, Esq., Bernstein, Shur, Sawyer & Nelson, P.A., Manchester, NH, for Debtors.

Bruce A. Harwood, Esq., James S. La-Montagne, Esq., Sheehan Phinney Bass + Green, P.A., Manchester, NH, Gregory A. Cross, Heather Deans Foley, Venable LLP, Baltimore, MD, for CWCapital Asset Management LLC.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

Secured creditor CWCapital Asset Management LLC (the "Movant") filed a motion seeking a determination that the bankruptcy case of AMI–Burlington, Inc. (the "Debtor") is a "single asset real estate" case as defined by section 101(51B).[1] The Debtor filed an objection, to which the Movant replied. The Court held a hearing on February 7, 2006.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

The term "single asset real estate" is defined by section 101(51B):

The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B)(2005). The definition's exclusion of residential real property with fewer than four residential units indicates that apartment buildings and residential properties with four or more residential units were intended by Congress to be classified as "single asset real estate." *In re Kkemko, Inc.*, 181 B.R. 47, 50 (Bankr.S.D.Ohio).

The Court agrees with the well-conceived analysis found in *In re CBJ Dev., Inc.*, 202 B.R. 467, 472 (9th Cir. BAP 1996). *CBJ* involved a sixty-three room hotel. In determining what constitutes operating the property, the court compared a full service hotel and an apartment building, and concluded that the hotel in question was not "single asset real estate."

[T]he operation of the average hotel requires daily maid service, linen service, and many other services not provided by an apartment building owner. The maintenance services provided by an apartment or office building are minimal and primarily limited to common areas. On the other hand, like that of an apartment complex, the basic service provided by a motel is the rental of rooms.

. . . .

[A]lthough merely calling a building a hotel is insufficient to remove it from the definition of "single asset real estate," the operation of a full service hotel is more than the mere operation of property. However, where the debtor's busi-

---

1. All statutory section references herein are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 101, *et seq.*

ness is more akin to apartment rental, merely calling the business a hotel is insufficient to remove the building from the definition of "single asset real estate."

A 63 room full service hotel such as the Debtor's must employ a substantial number of people. Rooms must be cleaned, sheets and towels laundered, phone and other services provided. Thus, in this case the operation of the Hotel requires substantially more day to day activity than does the operation of an apartment complex. Accordingly, the operation of the Hotel is sufficiently active in nature to constitute a business other than the mere operation of property. We conclude that the Hotel is not "single asset real estate."

*Id.* at 470, 472 (citation omitted) (footnote omitted).

In the instant case, the Debtor's hotel is an eighty-nine room hotel that serves continental breakfast, maintains a swimming pool and common areas, provides local and long distance phone service, provides high speed Internet service, and operates room-cleaning and towel-laundering services. Based on these facts, the Court holds that, like the hotel in *CBJ*, the Debtor's hotel "is sufficiently active in nature to constitute a business other than the mere operation of property." *Id.* at 472.

The Movant argues that a hotel is "single asset real estate" if it does not have substantial revenue-generating business other than the renting of rooms. For support, the Movant asserts that the hotel in *CBJ* was held not to be "single asset real estate" only because the hotel included a gift shop, restaurant, and bar and offered bus tours. The Court disagrees. The *CBJ* court's primary holding was that the services—excluding the bar, restaurant, gift shop, and bus tours—involved in the operation of the hotel were reason

enough to remove the hotel from the definition of "single asset real estate." *Id.* This conclusion had been rejected by the lower court but adopted by the appellate panel. The bankruptcy court based its decision that the hotel was not "single asset real estate" on the facts that the hotel included the gift shop, restaurant, etc. *Id.* at 470. The *CBJ* court's alternate holding simply affirmed the lower court's decision, essentially holding that the gift shop, bar, restaurant, and bus tours *also* removed the hotel from the definition of "single asset real estate."

That the Debtor's hotel in the instant case does not include services such as a gift shop or a restaurant does not mean that the hotel is "single asset real estate." The existence or nonexistence of those services is not determinative, though such services are to be considered. In this case the Debtor's hotel operations, even without those services, constitute more than "the business of operating the real property." The Court does not hold that no hotel or motel could be "single asset real estate." The Movant cites two other cases involving a hotel and a motel, however, neither opinion includes any discussion of *why* the hotel or motel qualifies as "single asset real estate." *See In re LDN Corp.,* 191 B.R. 320 (Bankr.E.D.Va.1996); *In re Equitable Dev. Corp.,* 196 B.R. 889 (Bankr. S.D.Ala.1996).

### CONCLUSION

The Movant's motion is denied. The Debtor's hotel is not "single asset real estate" as defined in section 101(51B). This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.